UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RANDOLPH ROSSI,

                       Plaintiff,

        -against-

BRIAN FISCHER, et al.,

                       Defendants.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-15-14

13 Civ. 3167 (PKC)(DF)

ORDER ADOPTING REPORT
AND RECOMMENDATION

CASTEL, U.S.D.J.

        Plaintiff Randolph Rossi, proceeding pro se, moves for a preliminary injunction seeking multiple forms of relief. Magistrate Judge Debra Freeman, to whom this case was referred for general pretrial supervision, bifurcated Rossi's motion due to the time-sensitive nature of certain of Rossi's requests. Magistrate Judge Freeman issued a Report and Recommendation ("R & R"), dated March 31, 2014, which recommended that the Court deny the requested preliminary injunctive relief as to Rossi's motion to permit Rossi to celebrate April 21 as a holy day in accordance with his religious beliefs. This Court has reviewed the R & R de novo. For the reasons stated below, the Court concludes that the R & R is well reasoned and well grounded in fact and law. The R & R is adopted and the motion is denied.

        The R & R advised the parties that they had 14 days from the date of the R & R to object, and warned that failure to timely file such objections would result in waiver of any right to object and would preclude appellate review. On March 28, counsel for the defendants advised the Court that New York State Department of Corrections and Community Supervision ("DOCCS") would provide Rossi with a vegetarian and eggless meal. (Dkt. No. 22.) On March 31, the date Judge Freeman issued the R & R, Rossi sent a letter to Judge Freeman, which was

received by her Chambers on April 4, stating several objections to defense counsel's March 28 letter. (Dkt. No. 35.) Rossi objects to the DOCCS-provided vegetarian and eggless meal, and instead requests that he be permitted to prepare his own celebratory meal for the holiday. No other objections to the R & R have been filed.

The R & R found that Rossi had not met the standard for entitlement to a mandatory preliminary injunction on the issue of communal celebration, and recommended that the Court deny preliminary injunctive relief on that issue. The R & R noted that defendants agreed to voluntarily afford Rossi relief by excusing him from work or other programming that day and to have a meal without eggs or meat on that day. Accordingly, the R & R found plaintiff's request for injunctive relief on those grounds moot.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a de novo review of those matters to which a party filed an objection. 28 U.S.C. § 636(b)(1)(C).

Rossi's objections to defendants' March 28 letter do not set forth a basis to challenge the R & R. During the conference on March 27, the following exchange occurred:

> **Magistrate Judge Freeman:** "I don't know if there is a kosher vegetarian mea[l], but what if it were a kosher vegetarian meal?"
> **Mr. Rossi:** "That would be fine."
> **Magistrate Judge Freeman:** "So basically a kosher meal without meat or eggs?"
> **Mr. Rossi:** "Yes your honor."

(Mar. 27, 2014 Tr. 12:10-14.) At another point during the conference, Rossi contemplated that he envisioned a "celebratory meal." (Mar. 27, 2014 Tr. 31:1-5: "[T]he celebratory meal is usually prepared by our own cooks from the Rastafarian community as you

said earlier. As you have been referencing the Muslim groups, for example, I would anticipate something like that for April 21st.") As Rossi conceded during the conference that a vegetarian and eggless meal would be consistent with his religious requirements, Rossi's subsequent objection to the meal does not entitle him to an injunction requiring a meal prepared by cooks from the Rastafarian community.

The Court also notes that at the time the R & R was filed, the docket did not reflect that Brian Fischer, Commissioner of DOCCS, had been served with process. (R & R at 9, n.7.) Brian Fischer was served on March 6, 2014 by service on Edel Groski, of the DOCCS Legal Department. (Dkt. No. 31.) However, the status of service is immaterial to the R & R's determination, as the R & R concluded that Rossi had failed to establish that "extreme or very serious damage will result" or "a clear showing that [he] is entitled to the relief requested." (R & R at 9 (quoting Citigroup Global Markets, Inc. v. VGC Special Opportunities Master Fund, Ltd., 598 F.3d 30, 35 n.4 (2d Cir. 2010).) The R & R's denial of injunctive relief rested on Rossi's failure to demonstrate that he was entitled to relief.

CONCLUSION

For the reasons stated above, this Court adopts the Report and Recommendation (Docket No. 27). Although the Court will mail a copy of this Order to Rossi, the Court also directs Defendants' counsel to fax a copy to the facility where Rossi is currently incarcerated, with the direction that it be provided to Rossi immediately, given the short time frame between the date of this Order and April 21. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 15, 2014