```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-5-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RANDOLPH ROSSI,

                             Plaintiff,

           -against-

BRIAN FISCHER, et al.,

                            Defendants.
-------------------------------------------------------------x

13-cv-03167 (PKC)(DF)

MEMORANDUM
AND ORDER ADOPTING
SUPPLEMENTAL
REPORT AND
RECOMMENDATION

CASTEL, U.S.D.J.

        Plaintiff Randolph Rossi, proceeding pro se, moves for a preliminary injunction

seeking multiple forms of relief against officials of the New York State Department of

Corrections and Community Supervision ("DOCCS"). The Complaint and motion relate to

plaintiff's practice of his Rastafari faith while incarcerated.[1] Magistrate Judge Debra Freeman,

to whom the motion was referred to hear and report, addressed issues arising from the

preliminary injunction motion in two phases and made certain recommendations in a Report and

Recommendation ("R & R"), dated March 31, 2014. (Docket No. 27.) The Court adopted the R

& R on April 15, 2014. (Docket No. 37.) Magistrate Judge Freeman issued a Supplemental R &

R on September 11, 2014, re-examining some of the issues discussed in the earlier R & R and

addressing the remaining matters raised by plaintiff's motion. (Docket No. 89.) The

Supplemental R & R recommends granting in part and denying in part plaintiff's motion for

preliminary injunctive relief. This Court has reviewed the Supplemental R & R and has

---

[1] In his Amended Complaint, plaintiff asserts violations of the First and Fourteenth Amendments but affirmatively
disaffirms any claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Docket No. 11.)

considered both parties' objections, conducting a <u>de novo</u> review of matters to which an objection has been made.  For the reasons stated below, the Court concludes that the Supplemental R & R is well reasoned and well grounded in fact and law.  The Court adopts the Supplemental R & R in its entirety.

STANDARD OF REVIEW

A motion for a preliminary injunction may be referred to a magistrate judge to hear and report. 28 U.S.C. § 636(b)(1)(B).  In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a <u>de novo</u> review of those matters to which a party filed an objection. <u>Id.</u>

THE SUPPLEMENTAL REPORT AND RECCOMENDATION

The Supplemental R & R recommends that plaintiff's preliminary injunction be granted with respect to the claims that (1) plaintiff be permitted to wear a Rastafari religious turban; (2) he be allowed to observe the Rastafari holy days of April 21, May 25, August 17, and October 7 by (a) refraining from working or attending programs, (b) attending a congregate worship service, and (c) eating a holy day meal with the Rastafari inmate community; and (3) defendants provide space for Rastafari Sabbath worship services on Fridays.  The Supplemental R & R recommends that plaintiff's motion otherwise be denied, including specifically the following requests that (1) defendants designate April 21 and August 17 as "family events;" (2) defendants be prohibited from making the menu of holy day meals "mandatory;" and (3) defendants' practice of collecting 50 percent of the funds raised by the Rastafari inmate organization be enjoined.

DISCUSSION

A.  Plaintiff's Religious Turban

The Supplemental R & R recommends that plaintiff be permitted to wear a Rastafari religious turban. (Supplemental R & R ("Supp. R & R"), 29-31.)  After the Supplemental R & R was issued, defendants consented to alter their policy regarding religious headgear.  Colonel Dennis W. Bradford, the Director of Correction Emergency Response Team Operations, declared that plaintiff would be allowed to wear a turban that conforms to his religious beliefs as long as it complies with mandated color restrictions. (Bradford Declaration, Oct. 3 2014, ("Bradford Decl."))  While plaintiff specifies that his color of choice is purple and beige (July 8 Hearing, 41), Colonel Bradford asserts that purple is not a permitted color because purple signifies royalty and "[a]n inmate within a correctional facility may not set himself out as a leader, a priest, or a royal." [2] (Bradford Decl., 2.). Defendants, however, point to no evidence that plaintiff is attempting to distinguish himself among other inmates or that he will in fact elevate himself above other inmates by wearing purple. Nor is there evidence in the record that demonstrates that purple is reflective of the wearer's royalty rather than the royalty of Emperor Haile Selassie. Nevertheless, the color of plaintiff's turban is not before the Court, as the motion for preliminary injunction does not raise this point. The Court adopts the Supplemental R & R's recommendation that plaintiff be permitted to wear a Rastafari turban but need not decide whether plaintiff should be permitted to wear the color of his choice.

B.  Designation of Holy Days

The Supplemental R & R recommends granting plaintiff's preliminary injunction to permit exemptions from work and programing, a shared meal, and congregate worship, on all

---

[2] While the Court may consider supplemental submissions after a report and recommendation is issued, 28 U.S.C. § 636(b)(1)(C), notably, no assertion was made before Magistrate Judge Freeman that the color purple is problematic.

four of the Rastafari holy days at issue in his motion.[3] (Supp. R & R, 31-34.)  The Supplemental

R & R also recommends that plaintiff's request for April 21 and August 17 to be designated as

"family events," where inmates' families are invited to the facility to celebrate the holy day, be

denied at this time. (Id., 34-35.)

    Defendants object to the Supplemental R & R's recommendation that the court

grant plaintiff exemptions from work and programming, the provision of a shared meal, and

congregate worship on the holy days at issue. Defendants assert that the Supplemental R & R

fails to consider the fiscal, security, and administrative constraints of DOCCS and that a

preliminary injunction will "result in the untenable precedent that DOCCS should accommodate

all 55,000 inmates as to work exemptions on an ad hoc basis." (Defendants' Objections ("Def.

Obj."), 25.)  While this Court does not doubt that accommodations for religious holidays add to

the challenges of managing a prison facility, defendants fail to explain why such

accommodations are feasible for some Rastafari holy days but not for others or why significant

discrepancies exist between different faith groups and the scope of their religious privileges.

Defendants only assert a general interest in ease of administration but point to no evidence that

there exists a particular enhanced burden of a substantial sort in accommodating the Rastafari

holy days of April 21 and May 25 with the type of observances that plaintiff requests.  If

defendants fail to accommodate a religious request there must be a "valid, rational connection"

between defendants' refusal and their purported reason for that refusal. See Salahuddin v. Goord,

467 F.3d 263, 274 (2d Cir. 2006).  Because defendants only cite general concerns for their

position, and identify no reasons specific to the holy days at issue, the Court adopts the

---

[3] The revised DOCCS calendar allows members of the Rastafari faith to attend a worship service, share a holy day meal, and be exempt from work and programming on August 17 and October 7.  For April 21, DOCCS only permits a congregate worship service and for May 25, DOCCS does not authorize any of these three designations. (Supp. R & R, 15.)

Supplemental R & R and grants plaintiff's preliminary injunction with respect to providing an exemption from work and programming and providing a shared meal on April 21 and May 25, and permitting congregate worship service on May 25.

Next, the Supplemental R & R recommends that plaintiff's request to designate April 21 and August 17 as "family events" be denied because plaintiff has failed to explain the religious significance of the family event itself or why a family event is important for certain holy days but not for others. (Supp. R & R, 34.)  Plaintiff objects to this recommendation, but simply reiterates the centrality of family to the Rastafari faith without providing a clear and specific explanation of the religious significance of family on April 21 and August 17. (Plaintiff's Objections ("Pl. Obj."), 1.)  Plaintiff has failed to show that celebrating these two holy days with family is "central or important" to his religious beliefs. See Ford v. McGinnis, 352 F.3d 582, 593-94 (2d Cir. 2003).  Thus, he has not demonstrated a clear likelihood of success on the merits of this claim, and the Court adopts the Supplemental R & R in denying this aspect of plaintiff's motion for preliminary injunctive relief. See Citigroup Global Mkts, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 n.4 (2d Cir. 2010).

C.  Holy Day Menus

The Supplemental R & R recommends denying plaintiff's request to enjoin defendants from making the menu of particular holy day meals "mandatory" because plaintiff has failed to demonstrate that defendants' policies substantially burden his religious dietary principles. (Supp. R & R, 35-38.)  Plaintiff objects to the Supplemental R & R on this point, asserting that the mandatory menu "reflects an ecclesiastical command from the state in violation of the Establishment Clause of the First Amendment." (Pl. Obj., 2-3.)  Plaintiff, however, fails to explain how the various alternatives DOCCS provides for holy day meals substantially burden

his religious beliefs. The Court denies plaintiff's request to enjoin DOCCS from making holy

day menus "mandatory."

   D.  Friday Worship

            Defendants object to the recommendation that DOCCS be required to permit

Rastafari religious services on Friday.  Defendants correctly note that a correctional institution

need not change the schedule of religious services when there are not adequate prison resources

or it otherwise interferes with prison security.  See Solomon v. Michigan Dep't of Corr., 2:10-

CV-320, 2012 WL 892486 (W.D. Mich. Feb. 17, 2012) report and recommendation adopted,

2:10-CV-320, 2012 WL 892478 (W.D. Mich. Mar. 14, 2012); Boles v. Taylor, No. 98-1359,

1999 WL 455316 (6th Cir. June 23, 1999).  The Court does not quarrel with the principle but

with the lack of evidence to support defendants' assertion.  Defendants contend that space

restrictions limit DOCCS' ability to comply with plaintiff's request because Rastafari services

involve the burning of incense and a limited number of rooms provide sufficient ventilation and

security. (Aug. 12 Hearing, 7.)  The Rastafari community, however, is permitted to burn incense

during holy day services in the very rooms that defendants point to as off limits for Sabbath

services. (Supp. R & R, 19-20.)  The room that defendants assert can accommodate Rastafari

services is currently used on Friday afternoons by a group that does not require exterior

ventilation for the burning of incense. (Aug.12 Hearing, 7, 17.)   Defendants acknowledge that

DOCCS failed to consider the viable alternative of rearranging the room assignments to

accommodate both groups. (Id.)  Defendants have failed to demonstrate a legitimate penological

interest that would be compromised.

            Defendants also object to the recommendation regarding Friday worship on

account of "religious dissent," (Def. Obj., 23) stating that holding services on Fridays is a

religious view "individual" to plaintiff. (Id., 18.)  However, the "religious dissent" that

defendants cite to consists of one Rastafari inmate who was asked on a survey whether he

"prefer[red]" to move services from Wednesday to Friday and indicated that the services should

remain on the scheduled day, Wednesday. (King Declaration, Oct. 9, 2014.)  Notably, the King

Declaration is silent as to the number of respondents who favored moving the services to Friday.

The record contains a fair amount of evidence that other inmates and the larger Rastafari

community share plaintiff's beliefs regarding Friday services. (See Supp. R & R, 40.)  While

defendants assert that "accommodating an individual at the expense of a religious group or even

at the expense of a religious minority is improper" (Def. Obj., 19), they fail to cite to any

authority, particularly for the proposition that it is impermissible to change the status quo

regarding a religious accommodation solely because a single individual in a group objects.

Indeed, defendants acknowledge that "there is no precedent for allowing a single prisoner to

dictate the specific day and time for this congregate worship." (Id.)  Because the Court finds that

Friday Sabbath observance is "central or important" to plaintiff's faith and that defendants'

denial of Friday services is not reasonably related to a legitimate penological interest, the Court

adopts the Supplemental R & R on this claim. See Turner v. Safley, 482 U.S. 78, 89-91 (1987);

Ford, 352 F.3d at 593-94.

    E.  Fundraising

       The Supplemental R & R recommends that plaintiff's motion for a preliminary

injunction be denied with respect to his claim challenging defendants' practice of collecting half

of the Rastafari inmate organization's fundraising proceeds.  The Supplemental R & R reasons

that, at this time, "[p]laintiff has not demonstrated that any contemplated uses of the funds

implicate beliefs that are 'central or important' to his faith, let alone that the deprivation of half

of the funds constitutes a 'substantial burden' on those beliefs. See Salahuddin, 467 F.3d at 274-75." (Supp. R & R, 42.) In his objections, plaintiff elaborates on the religious significance of the items he would purchase with the appropriated funds. (Pl. Obj., 2.)  Plaintiff, however, fails to explain how the collection of half of the organization's funds constitutes a substantial burden on his religious beliefs.  The Court denies plaintiff's motion for a preliminary injunction in this regard.

CONCLUSION

For the reasons stated above, this Court adopts the Supplemental Report and Recommendation. (Docket No. 89.)  Plaintiff's motion for a preliminary injunction is GRANTED, to the extent that defendants are mandatorily enjoined, pending judgment on the merits, to: (1) permit plaintiff to wear a Rastafari religious turban; (2) allow plaintiff to observe all four of the Rastafari holy days at issue in his motion, including April 21 and May 25, by (a) refraining from working or attending programs, (b) attending a congregate worship service, and (c) sharing a holy day meal with other Rastafari inmates; and (3) provide space for Rastafari Sabbath worship services on Friday afternoons, or, at least, pending the final resolution of this case on its merits, to provide an alternative accommodation for such services on Friday evenings. Plaintiff's motion for a preliminary injunction is otherwise DENIED.  Although the Court will mail a copy of this Order to plaintiff, the Court also directs defendants' counsel to fax a copy to the facility where plaintiff is currently incarcerated, with the direction that it be provided to plaintiff immediately, given the ongoing nature of the alleged constitutional violations. Defendants' counsel is also directed to provide plaintiff with copies of all unreported decisions cited herein. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore in forma pauperis status is denied. See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 5, 2014